UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————————

No. 20-4462

———————————————

UNITED STATES OF AMERICA,
Appelle,

v.

RESHOD J. EVERETT
Appellant.

———————————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NO. 5:20-cr-00333-D-1

———————————————

APPELLANT'S MEMORANDUM IN SUPPORT
OF RELEASE PENDING TRIAL

———————————————

Mr. Everett's order granting pretrial release was revoked by the District Court after a hearing held on August 27, 2020 in Raleigh, North Carolina. In that hearing, the District Court decided that there is a serious risk that Mr. Everett will endanger the safety of another person in the community.  The Court also found that there is a serious risk that the defendant will obstruct justice or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness. 18 U.S.C. § 3142(f)(2)(B).

## STATEMENT OF THE CASE

On July 8, 2020 Appellant was indicted in 5 counts of a sealed indictment. Appellant was indicted on four drug charges and one firearm charge. **Count 1 alleged**: Conspiracy to Distribute and Possess With Intent to Distribute 1,000 Kilograms or More of Marijuana and 5 Kilograms or More of Cocaine under 21 U.S.C. § 846; **Count 4 alleged**: Possession With Intent to Distribute a Quantity of Marijuana and a Quantity of Cocaine and Aiding and Abetting under 21 U.S.C. § 841 (a)(1), 18 U.S.C. §2; **Count 5 alleged**: Possession of a Firearm in Furtherance of a Drug Trafficking Crime and Aiding and Abetting under 18 U.S.C §§924 (c)(1)(A) and 2; **Count 6 alleged**: Possession With Intent to Distribute a Quantity of Tramadol and Aiding and Abetting under 21 U.S.C. § 841 (a)(1), 18 U.S.C. §2; and **Count 7 alleged**: Possession With Intent to Distribute a Quantity of Marijuana and Aiding and Abetting under 21 U.S.C. § 841 (a)(1), 18 U.S.C. § 2. D.E. 1 (Attachment 1).

On August 3, 2020, Mr. Everett was arrested in Cumberland County, N.C. Superior Court while appearing with counsel to argue a suppression hearing stemming from the same set of facts of this case. D.E. 17. Mr. Everett's initial appearance was held on August 4, 2020. D.E. 15. During that hearing, the government made a Motion for Detention and a detention hearing was set for August 10, 2020. During that hearing on August 10th, the public defender assigned to the

case withdrew due to a conflict of interest. D.E. 22. The hearing was rescheduled for August 13th. On August 12th retained counsel, Christopher M. Young, and Renorda Pryor, filed notices of appearance with the Court. D.E. 27, 29.

On August 13th Appellant began his detention hearing in Wilmington, N.C. before the Honorable Judge Robert Jones. Prior to the hearing, United States Probation submitted a Pretrial Services Report recommending that Mr. Everett be released on a personal recognizance bond with conditions. D.E. 21 (Attachment 2). During that hearing Appellant put on one witness as did the government. Appellant's sister proffered the testimony of his mother, who did not attend the hearing due to her recent recovery of Covid-19. At the conclusion of testimony, Judge Jones informed both parties that he would like to hear from Appellants mother by video conference the following day. The following day, August 14th, testimony was provided to Judge Jones from Appellants mother, Terri Everett. After hearing from Mrs. Everett, and briefly from the parties, Judge Jones ordered the release of Mr. Everett with conditions. The Government immediately filed a Motion to Stay, and on August 16th filed a Motion for Revocation of Pretrial Release. D.E. 39 (Attachment 3).

On August 27, 2020, a hearing was held in Raleigh, N.C. before the Honorable Judge James Dever. After hearing evidence from each side, Judge Dever reversed Judge Jones' decision and ordered Mr. Everett to be held in custody pending trial.

D.E. 49 (Attachment 4). In his reasoning Judge Dever stated that because of Mr. Everett's record of court appearances he had no reason to believe that Mr. Everett would not appear in court. However, based off of a jail call from July 2018, he felt that there was a serious risk that Mr. Everett would endanger the safety of another person or the community.  He went on to say that there was also a serious risk that the defendant will obstruct or attempt to obstruct justice or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness.

Prior to being indicted in the Eastern District of North Carolina, Mr. Everett was arrested in Cumberland County on July 17, 2018.  Mr. Everett was charged with two counts of Trafficking Marijuana, two counts of Trafficking Cocaine, Maintaining a Dwelling, and two counts of Conspiracy.  Shortly after being arrested, Mr. Everett was released on bond, where he remained with no violations until his arrest in court 25 months later.  During those 25 months Mr. Everett vigorously fought to prove his innocence. On his own volition, he met with, The Mayor of Fayetteville, The Police Chief, Internal Affairs, City Council, and The County Commissioners.  He also hired a licensed private investigator to assist in investigating his case, specifically, some of the actions of some officers of the Fayetteville Police Department during the serving of the arrest and search warrants.

**ARGUMENT**

In 1984 the Bail Reform Act (BRA) was set fourth authorizing the procedures for a judicial officer to order the release or detention of an arrested person pending trial, sentence, and appeal. The Bail Reform Act of 1984 (18 U.S.C. §§3141-3150). In certain cases, including most drug and gun cases, there exists a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. The statutory presumptions of the detention in the BRA of 1984 were "to detain high-risk defendants who were likely to pose a significant risk of danger to the community if they were released pending trial." Id. In Mr. Everett's case the court did not detain him for risk of flight, in fact, the court felt that his showing up for court would not be an issue at all. Instead, the court found that there was a serious risk that the defendant will endanger the safety of another person or the community. The court felt negatively about a phone call Mr. Everett made from jail in 2018 when he was initially arrested. During that call, he made the statement "this is a minor setback for a major comeback. Specifically, that there is also a serious risk that the defendant will obstruct or attempt to obstruct justice or threaten, injure, or intimidate, or attempt to threaten, injure or intimidate, a perspective witness. See 18 U.S.C. § 3142(f)(2)(B).

In cases where presumption is invoked, the defendant then has the burden of production showing he is not a flight risk or danger to the community. United States v. Alatishe, 768 F. 2d 364 (D.C. Cir. 1985); United States v. Jessup, 757 F.2d 378

(1st Cir. 1985); United States v. Chimurenga, 760 F.2d 400 (2nd Cir. 1985); United v. Perry, 788 F. 2d 100 (3rd Cir. 1986); United States v. Fortna, 769 F.2d 243 (5th Cir. 1985); United States v Hazime, 762 F.2d 34 (6th Cir. 1985); United States v. Portes, 786 F.2d 758 (7th Cir. 1985); United States v. Hurtado, 779 F.2d 1467. Very little is required for a defendant to rebut the presumption of detention. A defendant simply needs to show "some evidence that he will not flee or endanger the community if released." United States v. Dominguez, 783 F.2d at 707; see also United States v. Jessup, 757 F. 2d 378, 384 (1st Cir. 1985). This "burden of production is not a heavy one to meet." Dominguez, 783 F.2d at 707. The presumption of detention is rebutted by "[a]ny evidence favorable to a defendant that comes within a catergory listed in § 3142(g)…including evidence of their marital, family and employment status, ties to and role in the community…and other types of evidence encompassed in §3142(g)(3)." Id. Jessup, 757 F.2d at 384. Any "evidence of economic and social stability" can rebut the presumption. Dominguez, 783 F. 2d at 707. As long as a defendant "come[s] forward with some evidence" pursuant to § 3142(g), the presumption of flight risk and dangerousness is definitely rebutted. Id. ("Once this burden of production is met, the presumption is 'rebutted'") (quoting Jessup, 757 F. 2d at 384) see also United States v. O'Brien, 895 F.2d at 816 (finding presumption of flight risk rebutted by evidence of effectiveness of electronic monitoring ankle bracelet together with posting of defendant's home).

The government bears the burden of persuasion at all times. Id.; Jessup, 757 F.2d at 384; United States v. Chimurenga, 760 F.2d 400, 405 (2d Cir. 1985).

In Mr. Everett's case the presumption has definitely been rebutted. Mr. Everett is a life-long resident of the Eastern District of North Carolina, Fayetteville specifically. He is married with three children, one that was born shortly after he was taken into custody. He has been employed with the post office since 2004. With the exception of when he took leave from 2007-2010 to contract overseas he maintained that job until he was arrested in 2018. After the arrest, he was placed on leave until the resolution of the case. Mr. Everett and his wife also own several properties in the area as well as several businesses. Amongst the most successful of the businesses was the day care that was being operated out of their home prior to the 2018 arrest.

Since Mr. Everett's release from custody in 2018 he has had no violations to his bond. He hasn't missed any court dates nor has he tried to attempt to obstruct justice or intimidate any witnesses. He did however hired a license private investigator to investigate some of the actions of the Fayetteville Police Department. Hiring a Private Investigator to lawfully question some past and present officers as you are preparing a defense should not be looked at as witness intimidation. Being citizens of the country with the best justice system in the world affords us the ability to defend ourselves from crimes of which we are accused. We should be afforded the right to defend ourselves out of detention prior to trial. In United States v.

Salerno, the Supreme Court of the United States held "[i]n our society liberty is the norm, and detention prior to trial …is the carefully limited exception." 481 U.S. at 755.  18 U.S.C. § 3142 states that the Court "shall order" pretrial release, § 3142 (b), except in certain narrow circumstances. The statute and the BRA is clearly encouraging release for defendants when circumstances allow.  To detain Mr. Everett because of a phone call that occurred over two years ago and contained no direct threat at all goes against the intent of the statute and the bail reform act. Mr. Everett is enthusiastic about the potential of a trial and proving his innocence. Having two hours of phone time a day and no contact visits with counsel make that extremely difficult.

## CONCLUSION

Mr. Everett has a recommendation from United States Probation favoring release, and he was also ordered to be released with conditions by Magistrate Judge Jones.  Subsequent to Mr. Everett's detention hearing, his co-defendant was arrested and released with no opposition from the government.   To allow the District Court to interpret the Bail Reform Act as broadly as it has in Mr. Everett's situation has the potential to make the ruling of Magistrate Judges obsolete.  It also causes concern regarding the Eight Amendments ban on excessive bail.  For a defendant to be ordered release by one judge, only to have the order over turned by another because of a picture that the prosecution has the ability to paint, that the defendant cannot yet

defend is a miscarriage of justice and creates a rubber-stamping image in favor of the government.

Defendant respectfully requests that he be ordered released immediately with suitable conditions.

Respectfully Submitted,

/s/ Christopher M. Young
Christopher M. Young
The Young Law Firm, PLLC
700 12th Street, NW Ste 700
Washington, DC 20005
Phone: (202)870-1191
Fax:    (202)478-2119
cyoung@theylf.com
DC Bar No: 1003301
Attorney for Appellant

## **CERTIFICATE OF SERVICE**

I certify that on September 15, 2020, I electronically filed the foregoing document with the Clerk of Court for the Fourth Circuit Court of Appeals using the electronic case filing system of the Court. The electronic case filing system sent a Notice of Electronic Filing to all attorneys who have consented in writing to accept this Notice as service of this document.

/s/ Christopher M. Young
Christopher M. Young
The Young Law Firm, PLLC
700 12th Street, NW Ste 700
Washington, DC 20005
Phone: (202)870-1191
Fax:    (202)478-2119
cyoung@theylf.com
DC Bar No: 1003301
Attorney for Appellant