Attachment 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CR-333-1 (4)
NO. 5:20-CR-333-2 (4)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | INDICTMENT |
| | ) | |
| RESHOD JAMAR EVERETT, | ) | |
| a/k/a "Kool" | ) | |
| a/k/a "Kool-Aid" | ) | |
| ███████████████ | ) | |

The Grand Jury charges that:

## COUNT ONE

Beginning in or about 2016, the exact date being unknown to the Grand Jury, and continuing up to and including in or about July 2018, in the Eastern District of North Carolina, and elsewhere, RESHOD JAMAR EVERETT, also known as "Kool" and "Kool-Aid," and ███████████████, defendants herein, did knowingly and intentionally combine, conspire, confederate, agree and have a tacit understanding with each other and other persons, known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with the intent to distribute marijuana, a Schedule I controlled substance, and cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

USCA4 Appeal: 20-4462      Doc: 6-2      Filed: 09/15/2020      Pg: 1 of 25

USCA4 Appeal: 20-4462    Doc: 6-2    Filed: 09/15/2020    Pg: 2 of 25

## Quantity of Controlled Substances Involved in the Conspiracy

As to RESHOD JAMAR EVERETT, also known as "Kool" and "Kool-Aid," the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is one thousand (1,000) kilograms or more of a mixture and substance containing a detectable amount of marijuana and five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine.



All in violation of Title 21, United States Code, Section 846.

## COUNT TWO



2

## COUNT THREE



## COUNT FOUR

On or about July 16, 2018, in the Eastern District of North Carolina, RESHOD JAMAR EVERETT, also known as "Kool" and "Kool-Aid," defendant herein, aiding and abetting another, did knowingly and intentionally possess with the intent to distribute a quantity of marijuana, a Schedule I controlled substance, and a quantity of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

3

Case 5:20-cr-00333-UA *SEALED*   Document 1   Filed 07/08/20   Page 3 of 9

USCA4 Appeal: 20-4462    Doc: 6-2    Filed: 09/15/2020    Pg: 4 of 25

## COUNT FIVE

On or about July 16, 2018, in the Eastern District of North Carolina, RESHOD JAMAR EVERETT, also known as "Kool" and "Kool-Aid," defendant herein, aiding and abetting another, did knowingly and intentionally possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, as alleged in Count Four of this Indictment; all in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT SIX

On or about July 17, 2018, in the Eastern District of North Carolina, RESHOD JAMAR EVERETT, also known as "Kool" and "Kool-Aid," defendant herein, aiding, abetting, counseling, and commanding another, did knowingly and intentionally possess with the intent to distribute a quantity of tramadol, a Schedule IV controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Pg: 5 of 25        Filed: 09/15/2020        Doc: 6-2        USCA4 Appeal: 20-4462

## COUNT SEVEN

On or about July 18, 2018, in the Eastern District of North Carolina, RESHOD JAMAR EVERETT, also known as "Kool" and "Kool-Aid," defendant herein, aiding, abetting, counseling, and commanding another, did knowingly and intentionally possess with the intent to distribute a quantity of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Pg: 6 of 25          Filed: 09/15/2020          Doc: 6-2          USCA4 Appeal: 20-4462

## FORFEITURE NOTICE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any felony violation of the Controlled Substances Act charged herein, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offense.

Upon conviction of any violation of the Gun Control Act, the National Firearms Act, or any other offense charged herein that involved or was perpetrated in whole or in part by the use of firearms or ammunition, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and/or 26 U.S.C. § 5872, as made applicable by 28 U.S.C. § 2461(c), any and all firearms and ammunition that were involved in or used in a knowing or willful commission of the offense, or, pursuant to 18 U.S.C. § 3665, that were found in the possession or under the immediate control of the defendant at the time of arrest.

The forfeitable property includes, but is not limited to, the following:

<u>Forfeiture Money Judgment:</u>

a) A sum of money representing the gross proceeds of the offense(s) charged herein against RESHOD JAMAR EVERETT, in the amount of at least $4,000,000.

Personal Property:

███████████████████████████████████████████

c)  Approximately $5,105 in United States Currency seized on July 16, 2018 from 715-5 Middle Bridge Drive, Fayetteville, NC.

d)  Approximately $65,689 in United States Currency seized on July 17, 2018 from 1080 Ronald Reagan Drive, Fayetteville, North Carolina.

e)  One CZ Scorpion EVO 3S1, bearing serial number C027092, seized on July 16, 2018 from 715-5 Middle Bridge Road, Fayetteville, NC, and any and all associated ammunition.

f)  One Mag Tactical Systems, MG-G4, .223 caliber rifle, bearing serial number MTS07535, seized on July 17, 2018, from 1080 Ronald Reagan Drive, Fayetteville, NC, and any and all associated ammunition.

g)  One Tapco USA, SKS, 7.62 x 39 caliber rifle, bearing serial number 409847, seized on July 17, 2018, from 1080 Ronald Reagan Drive, Fayetteville, NC, and any and all associated ammunition.

h)  One DPMS, AR-15, .223 caliber rifle, bearing serial number L4021576, seized on July 17, 2018, from 1080 Ronald Reagan Drive, Fayetteville, NC, and any and all associated ammunition.

i)  One FN PS90, 5.7X28 caliber rifle, bearing serial number FN113347, seized on July 17, 2018, from 1080 Ronald Reagan Drive, Fayetteville, NC, and any and all associated ammunition.

USCA4 Appeal: 20-4462      Doc: 6-2      Filed: 09/15/2020      Pg: 8 of 25

j) One Ruger P94 .40 caliber handgun, bearing serial number 340-86024, seized on July 17, 2018, from 1080 Ronald Reagan Drive, Fayetteville, NC, and any and all associated ammunition.

k) One M&P Bodyguard .380 caliber handgun, bearing serial number KEL3854, seized on July 17, 2018, from 1080 Ronald Reagan Drive, Fayetteville, NC, and any and all associated ammunition.

l) One M&P Bodyguard .380 caliber handgun, bearing serial number KEK5961, seized on July 17, 2018, from 1080 Ronald Reagan Drive, Fayetteville, NC, and any and all associated ammunition.

m) One M&P Bodyguard .380 caliber handgun, bearing serial number KBA0571, seized on July 17, 2018, from 1080 Ronald Reagan Drive, Fayetteville, NC, and any and all associated ammunition.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A TRUE BILL:

REDACTED VERSION
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

FOREPERSON

DATE: _7-8-2020_

ROBERT J. HIGDON, JR.
United States Attorney

BY: SCOTT A. LEMMON
Assistant United States Attorney

Attachment 2

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of North Carolina

FILED IN OPEN COURT
ON ~~2 1 4~~
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

<table>
<tr><td>

United States of America<br>
v.<br>
RESHOD JAMAR EVERETT<br>
a/k/a "Kool"<br>
a/k/a "Kool-Aid"<br>
_Defendant_

</td><td>

)<br>)<br>)<br>)<br>)<br>

</td><td>

Case No.   5:20-CR-333-1D

</td></tr>
</table>

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: _____
                                                              _Place_

on _____
                                _Date and Time_

If blank, defendant will be notified of next appearance.

(5) The defendant must sign an Appearance Bond, if ordered.

Pg: 10 of 25    Filed: 09/15/2020    Doc: 6-2    USCA4 Appeal: 20-4462

# ADDITIONAL CONDITIONS OF RELEASE

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( **X** ) (6) The defendant is placed in the custody of:

Person or organization  **Terri Everett**

Address *(only if above is an organization)*

City and state  **Fayetteville, NC**          Tel. No. **(910) 527-6965**

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: *[signature]* Custodian          Date

( **X** ) (7) The defendant must:

( **X** ) (a) submit to supervision by and report for supervision to the **United States Probation Office**
telephone number          , no later than  *As Directed*

( ) (b) continue or actively seek employment.

( ) (c) continue or start an education program.

( **X** ) (d) surrender any passport to:    **the United States Probation Office**

( **X** ) (e) not obtain a passport or other international travel document.

( **X** ) (f) abide by the following restrictions on personal association, residence, or travel:    **the Eastern District of North Carolina**

( **X** ) (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including:  **co-defendant, Alvin Milton Davis III.** *+witnesses*

( ) (h) get medical or psychiatric treatment:

( ) (i) return to custody each          at          o'clock after being released at          o'clock for employment, schooling, or the following purposes:

( ) (j) maintain residence at a residential reentry center, and abide by the conditions of that facility.

( **X** ) (k) not possess a firearm, destructive device, or other weapon.

( **X** ) (l) not use alcohol ( ) at all ( **X** ) excessively.

( **X** ) (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

( **X** ) (n) submit to testing for a prohibited substance if required by the probation office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

( **X** ) (o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the probation office or supervising officer.

( **X** ) (p) participate in one of the following location restriction programs and comply with its requirements as directed:

( ) (i) **Curfew.** You are restricted to your residence every day ( ) from          to          , or ( ) as approved by the probation office or supervising officer; or

( ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations, or other activities approved in advance by the probation office or supervising officer; or

( **X** ) (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.

( **X** ) (q) submit to the following monitoring and comply with all of the program requirements and instructions provided:

( ) The defendant must pay ( ) all of the cost of the program ( **X** ) a portion of the location monitoring cost as follows:

( **X** ) Radio Frequency (RF) monitoring          ( ) Voice Recognition
( ) Global Positioning Satellite (GPS)          ( ) Remote Alcohol Monitoring

( **X** ) (r) report as soon as possible, to the probation office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

( **X** ) (s) submit to warrantless searches of person, residence, property or vehicle by the probation office or supervising officer.

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

_____
Wilmington NC
*City and State*

### Directions to the United States Marshal

( ✓ ) The defendant is ORDERED released after processing.

( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: _____

_____
*Judicial Officer's Signature*

Robert T. Numbers, II, United States Magistrate Judge
*Printed name and title*

DISTRIBUTION:    COURT     DEFENDANT     PROBATION OFFICE     U.S. ATTORNEY     U.S. MARSHAL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO. 5:20-CR-333-D-1

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | **MOTION FOR REVOCATION OF ORDER OF CONDITIONS OF RELEASE** |
| RESHOD JAMAR EVERETT<br>a/k/a "Kool"<br>a/k/a "Kool-Aid" | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, respectfully moves for revocation of the magistrate judge's order releasing the defendant on conditions, entered on August 14, 2020. [DE 37]. Pursuant to the magistrate judge's oral order, the order of release will be stayed until the district court can consider it. *See* [DE 38].

### Summary

A lengthy investigation has shown that over the course of several years, beginning around 2016, Reshod Everett ("the Defendant") trafficked more than 1,000 kilograms of marijuana and more than 20 kilograms of cocaine into the Eastern District of North Carolina. Cooperating witnesses state that the Defendant routinely carried firearms as he conducted his drug trafficking activities.

In July 2018, co-defendant Alvin Davis was arrested while in possession of marijuana, cocaine, and a firearm. Agents then executed search warrants at three locations associated with the Defendant: an apartment he used for distributing drugs, his residence, and a storage unit. Agents seized significant quantities of cocaine and

USCA4 Appeal: 20-4462      Doc: 6-2      Filed: 09/15/2020      Pg: 13 of 25

marijuana, as well as packaging materials and nine loaded firearms. Eight of those firearms were being stored in a residence that the Defendant's wife was using as a daycare.

### Procedural History

On July 8, 2020, the grand jury for the Eastern District of North Carolina issued an indictment charging Reshod Everett ("the Defendant") with Conspiracy to Distribute and Possess with Intent to Distribute 1,000 Kilograms or More of Marijuana and 5 Kilograms or More of Cocaine, in violation of Title 21, United States Code § 846 (Count One); Possession with Intent to Distribute a Quantity of Marijuana and a Quantity of Cocaine, in violation of Title 21, United States Code § 841(a)(1) (Count Four); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code § 924(c) (Count Five); and Possession with Intent to Distribute a Quantity of Tramadol, in violation of Title 21, United States Code § 841(a)(1) (Count Six). Co-conspirator Alvin Davis was also charged in three counts.

The Defendant had an initial appearance on August 4, 2020. [DE 15].

A detention hearing was held on August 13 and August 14, 2020. [DE 33, 36]. The Defendant was ordered released on conditions. [DE 37]. The Court granted the Government's motion to stay the release until an appeal could be filed. [DE 38].

### Argument

The Government respectfully requests that the Court order that the Defendant be detained pending trial in this case.

2

### *Standard and Presumption of Detention*

Under Title 18, United States Code, Section 3142(e)(1), a defendant shall be detained pending trial if a judicial officer finds that "no condition or combinations of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."

Pursuant to Title 18, United States Code, Section 3142(e)(3)(A), a rebuttable presumption exists that no condition or combination of conditions will suffice when a defendant is charged in a case that involves a charged violation of the Controlled Substances Act for which the maximum term of imprisonment is ten years or more. In this case, the presumption applies because the defendant was charged with one drug offense that carries a possible sentence of life imprisonment and one drug offense that carries a possible sentence of twenty years' imprisonment.

Pursuant to Title 18, United States Code, Section 3142(e)(3)(B), a rebuttable presumption also applies when a defendant is charged with an offense under Title 18, United States Code, Section 924(c)(1)(A). In this case, the Defendant is also charged with an offense under § 924(c).

### *Section 3142(g) Factors*

The factors to be considered under Title 18, United States Code, Section 3142(g) counsel against release of the Defendant.

First, the offenses with which the defendant is charged are very serious, including a drug trafficking conspiracy and possession of a firearm in furtherance of drug trafficking, carrying a total mandatory minimum of fifteen years' imprisonment.

3

These are offenses that Congress has determined present an inherent danger to the community. *See* 18 U.S.C. § 3142(e)(3)(A) & (B). And as this Court is well aware, armed drug trafficking is inherently dangerous.

Second, as the Government's witness testified at the detention hearing, the strength of the evidence is overwhelming. In this case, agents received information that two men were distributing controlled substances from an apartment on Middle Bridge Road, Fayetteville. On July 16, 2018, agents conducted a traffic stop of one of those men, Alvin Davis, and seized marijuana, cocaine, and a firearm. Agents then executed a search warrant at the apartment. In a safe in the Defendant's room, agents seized 346 grams of cocaine, 37 pounds of marijuana, and a loaded CZ Scorpion firearm. Drug packaging materials and marijuana were also found throughout the apartment.

The next day, agents executed a search warrant at the Defendant's residence on Ronald Reagan Drive, Fayetteville—a residence where the Defendant's wife ran a daycare. In the residence, agents seized eight loaded firearms and suspected marijuana edibles. In a shed, agents seized drug packaging materials, including storage totes that matched bags at the Middle Bridge Road apartment.

Finally, on July 18, 2018, agents executed a search warrant at a storage facility controlled by the Defendant. Agents seized 67 pounds of marijuana in storage totes matching the ones found at Middle Bridge Road and Ronald Reagan Drive.

Agents then continued their investigation into the Defendant and developed multiple cooperating defendants. Those cooperators indicated that from at least 2016,

USCA4 Appeal: 20-4462      Doc: 6-2      Filed: 09/15/2020      Pg: 16 of 25

the Defendant was trafficking more than 2800 pounds of marijuana into the Eastern District of North Carolina, and at least 20 kilograms of cocaine. The cooperators also indicated that the Defendant regularly carried firearms.

After the Defendant was arrested, he was recorded on jail telephone calls continuing to provide instructions regarding his drug trafficking operations. Specifically, a woman said she had been in touch with "Cali" and "Colorado"— believed to be suppliers in California and Colorado—and the Defendant instructed her to go forward with a shipment that had been planned for the upcoming weekend.

The history and characteristics of the defendant likewise indicate that the defendant is not appropriate for release. Although the Defendant does not have any prior felony convictions, the Defendant showed his willingness to continue directing his interstate drug trafficking activities even after being arrested by using recorded jail telephones to direct the activities of co-conspirators. Additionally, at the detention hearing, the Government's witness testified that in the days leading up to this detention hearing, a private investigator working for the Defendant approached one of the agents on this case. The investigator told the agent that if this case continues, then the agent is likely to be sued, which would be very expensive for the agent. This appears to have been a threat that was intended to convince the agent to end the prosecution of the Defendant.

The Defendant also poses a danger to the community if he were released. The Defendant was an armed, large-scale drug trafficker who was able to operate undetected for many years. As explained above, he was willing to deal drugs and store

weapons at the same residence where his wife was operating a daycare. And while the Defendant did present his mother a third-party custodian, if the Defendant was not deterred from drug trafficking from a state arrest and a recorded jail line, then it is unlikely that Ms. Everett would be able to keep him from engaging in the same activities.

The Defendant also presents a risk of nonappearance on these charges, as well as a risk of noncompliance with conditions of release. Although the Defendant did appear for state court dates, he is now facing a fifteen-year mandatory minimum term of federal imprisonment, and his incentive to flee has increased. The Defendant also has access to significant financial resources from his large-scale drug trafficking activities, and he has spent more than one year living in Florida, showing that he has strong out-of-state ties.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

The Government will be prepared to present testimony regarding these factors at a hearing before this Court. Accordingly, the Government respectfully requests that this Court order the defendant detained pending his trial.

Respectfully submitted this 16th day of August, 2020.

ROBERT J. HIGDON, JR.
United States Attorney

BY:   /s/ Scott A. Lemmon
SCOTT A. LEMMON
Assistant United States Attorney
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina 27601
Ph. (919) 856-4530
Fax: (919) 856-4487
E-mail: scott.lemmon@usdoj.gov

USCA4 Appeal: 20-4462      Doc: 6-2      Filed: 09/15/2020      Pg: 19 of 25

<u>CERTIFICATE OF SERVICE</u>

This certifies that a copy of this motion has, this 16th day of August, 2020,

been served upon the defendant by CM/ECF as follows:

Christopher M. Young
The Young Law Firm, PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
202-870-1191
Fax: 202-478-2119
Email: cyoung@theylf.com

Curtis R. High
5 W. Hargett St., Suite 1004
Raleigh, NC 27601
919-828-7626
Fax: 919-828-5608
Email: curtishigh@gmail.com

Renorda E. Pryor
Herring Law Center PLLC
1821 Hillandale Road
Suite 1B-220
Durham, NC 27705
919-355-5001
Email: rpryor@herringlawcenter.net

                              BY:    /s/ Scott A. Lemmon
                                     SCOTT A. LEMMON
                                     Assistant United States Attorney
                                     150 Fayetteville Street, Suite 2100
                                     Raleigh, North Carolina 27601
                                     Ph. (919) 856-4530
                                     Fax: (919) 856-4487
                                     E-mail: scott.lemmon@usdoj.gov

# UNITED STATES DISTRICT COURT

### for the

### Eastern District of North Carolina

Attachment 4

|  |  |  |  |
|---|---|---|---|
| United States of America | ) | | |
| v. | ) | | |
| **Reshod Jamar Everett,** | ) | Case No. | 5:20-CR-333-D |
| | ) | | |
| *Defendant* | ) | | |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

(1)  The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted

of  ☐ a federal offense    ☐ a state or local offense that would have been a federal offense if federal

jurisdiction had existed  -  that is

☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4)or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

☐ an offense for which the maximum sentence is death or life imprisonment.

☐ an offense for which a maximum prison term of ten years or more is prescribed in _____ _____.*

☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

☐ any felony that is not a crime of violence but involves:

☐ a minor victim

☐ the possession or use of a firearm or destructive device or any other dangerous weapon

☐ a failure to register under 18 U.S.C. § 2250

☐ (2)  The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3)  A period of less than five years has elapsed since the  ☐ date of conviction  ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4)  Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition  will reasonably assure the safety of another  person or  the community.  I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1)  There is probable cause to believe that the defendant has committed an offense

☐ for which a maximum prison term of ten years or more is prescribed in _____ .

☐ under 18 U.S.C. § 924(c).

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

USCA4 Appeal: 20-4462      Doc: 6-2      Filed: 09/15/2020      Pg: 21 of 25

# UNITED STATES DISTRICT COURT

### for the

### Eastern District of North Carolina

(2)    The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

### Alternative Findings (B)

☐ (1)    There is a serious risk that the defendant will not appear.

X (2)    There is a serious risk that the defendant will endanger the safety of another person or the community.

There is also a serious risk that the defendant will obstruct or attempt to obstruct justice or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness. See 18 U.S.C. § 3142(f)(2)(B)

## Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by    X   clear and

convincing evidence    ☐ a preponderance of the evidence that

that the government has met its burden of proof.  Defendant is a serious risk of danger to the community and a serious risk of obstructing justice or attempting to obstruct justice, and no condition or combination of conditions will reasonably assure the safety of the community or non-obstruction.  The court incorporates by reference its discussion in open court on August 27, 2020, of the factors under 18 U.S.C. § 3142(f)(2)(B) and (g).  The release order is REVERSED.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date:    August 27, 2020

_____
Judge's Signature

James C. Dever III, United States District Judge
Name and Title

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Pg: 22 of 25        Filed: 09/15/2020        Doc: 6-2        USCA4 Appeal: 20-4462

**THIS REPORT IS PROVIDED FOR THE PURPOSE OF BAIL DETERMINATION ONLY AND SHALL OTHERWISE BE CONFIDENTIAL PURSUANT TO 18 U.S.C. § 3153(c)(1) AND THE CONFIDENTIALITY REGULATIONS ISSUED BY THE DIRECTOR OF THE ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS ON JUNE 10, 1985. REPRODUCTION OF THIS DOCUMENT IS PROHIBITED, THIS REPORT IS NOT A PUBLIC RECORD, AND THE CONTENT MAY NOT BE DISCLOSED TO OTHER PERSONS.**

## MODIFIED PRETRIAL SERVICES REPORT

| | |
|---|---|
| District/Office<br>Eastern District of North Carolina/Raleigh | Charge(s) (Title, Section, and Description)<br>**Count 1:** Conspiracy to Distribute and Possess With Intent to Distribute 1,000 Kilograms or More of Marijuana and 5 Kilograms of More of Cocaine<br>21 U.S.C. § 846 |
| Judicial Officer<br>Honorable Robert T. Numbers, II<br>U.S. Magistrate Judge | |
| Docket Number (Year – Sequence No. – Def. No.)<br>5:20CR00333-1 | **Count 4:** Possession With Intent to Distribute a Quantity of Marijuana and a Quantity of Cocaine and Aiding and Abetting<br>21 U.S.C. § 841(a)(1), 18 U.S.C. § 2 |
| | **Count 5:** Possession of a Firearm in Furtherance of a Drug Trafficking Crime and Aiding and Abetting<br>18 U.S.C. §§ 924(c)(1)(A) and 2 |
| | **Count 6:** Possession With Intent to Distribute a Quantity of Tramadol and Aiding and Abetting<br>21 U.S.C. § 841(a)(1), 18 U.S.C. § 2 |
| | **Count 7:** Possession With Intent to Distribute a Quantity of Marijuana and Aiding and Abetting<br>21 U.S.C. § 841(a)(1), 18 U.S.C. § 2 |

## DEFENDANT

| | | |
|---|---|---|
| Name<br>Reshod Jamar Everett | Age<br>34 | Sex<br>Male |
| Other Names on Charging Document<br>"Kool"<br>"Kool-Aid" | Citizenship: U.S. Citizen | |
| | Employer/School<br>Unemployed | |
| Address<br>3819 Sarasota Drive<br>Fayetteville, NC 28311 | Employer/School Address<br>Not applicable | |
| At Address Since<br>2019 | Time in Community of Residence<br>1 year | Monthly Income<br>Not applicable | Time with Employer/School<br>Not applicable |

## INTRODUCTION:

The defendant was interviewed on August 4, 2020, in Raleigh, North Carolina. Verifications were obtained from the defendant's wife, Victoria Everett, and mother, Terri Everett; records maintained by the North Carolina Department of Public Safety; and an automated record check.

**SECURITY THREAT GROUP:** None known.

Pg: 23 of 25     Filed: 09/15/2020     Doc: 6-2     USCA4 Appeal: 20-4462

**THIRD PARTY CUSTODIAN:**

The defendant's mother, Terri Everett, is willing to serve as a third-party custodian. Ms. Everett lives at 808 Oak Crest Drive in Fayetteville, North Carolina. Her significant other, William Curtis, lives at the residence. Mrs. Everett has a landline telephone and will allow the installation of electronic monitoring equipment. There are no firearms in the home. Mrs. Everett, a financial counselor, works from home from 9 am to 6 pm. She also serves as a guardian/caregiver for a young woman, 25, with Down's syndrome, who lives in the home. Local and national record checks conducted on Terri Everett and Willian Curtis revealed convictions in North Carolina for minor traffic offenses. Personal identifiers were not provided for the other occupant of the residence.

**PRIOR RECORD:**

A criminal record check conducted through the National Crime Information Center (NCIC), state, and local records revealed a conviction for Speeding (08CR701266) in Johnston County, North Carolina, and another conviction for Speeding (18CR701893). in Chatham County, North Carolina. Additionally, in an unknown county, the defendant was convicted of No Seat Belt (2006).

**PENDING CHARGES:** None.

On July 17, 2018, in Cumberland County, Everett was charged with Trafficking Marijuana by Possession, Trafficking Marijuana by Manufacturing, and Maintaining a Vehicle, Dwelling, or Place for a Controlled Substance (18CRS59213), Trafficking Cocaine by Possession and Trafficking Cocaine by Manufacturing (18CRS59214), and two counts of Conspiracy to Traffic in Cocaine (18CRS59215). The offenses, which appear to be related to the instant offense, allegedly occurred on July 16, 2018. The charges remain pending.

On July 18, 2018, in Cumberland County, the defendant was charged with Trafficking Heroin by Possession, Trafficking Heroin by Manufacturing, and Conspiracy to Traffic Heroin by Possession (18CRS59265), Maintaining a Vehicle, Dwelling, or Place for a Controlled Substance, and Possession With Intent to Manufacture, Sell, or Deliver Marijuana (18CRS59266), and Trafficking Marijuana by Possession and Maintaining a Vehicle, Dwelling, or Place for a Controlled Substance (18CRS59267). Records reflect he was released on bond on July 20, 2018. The offenses, which appear to be related to the instant offense, allegedly occurred on July 17, 2018, and July 18, 2018. The charges remain pending.

**OTHER ARRESTS:**

The defendant has dismissed charges in the following North Carolina counties: <u>Cumberland</u> – Speeding (08CR422), Window Tinting Violation (08CR712927), and Expired Registration (11CR4844); and <u>Johnston</u> - Reckless Driving (08CR701266).

On May 21, 2019, in Cumberland County, Everett was charged with Assault by Pointing a Gun (19CR55512), and he was released on bond the same day. The offense allegedly occurred on April 29, 2019, and the charge was dismissed on June 20, 2019.

**ASSESSMENT OF NONAPPEARANCE:**

The defendant poses a risk of nonappearance for the following reasons:

1. Offense Charged

USCA4 Appeal: 20-4462      Doc: 6-2      Filed: 09/15/2020      Pg: 24 of 25

**ASSESSMENT OF DANGER:**

The defendant poses a risk of danger for the following reasons:

1. Nature of Instant Offense
2. Prior Arrests

**Pursuant to 18 U.S.C. § 3142, based on the offense charged, a rebuttable presumption for detention exists in this case.**

**RECOMMENDATION:**

To reasonably assure the defendant's appearance and the safety of the community, I respectfully recommend the defendant be released on a Personal Recognizance bond and with the following conditions:

1. The defendant is placed in the custody of: Terri Everett, who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.
2. The defendant must submit to supervision by and report for supervision to the United States Probation Office.
3. The defendant must surrender any passport to the United States Probation Office.
4. The defendant must not obtain a passport or other international travel document.
5. The defendant must abide by the following restrictions on personal associations, residence, or travel: the Eastern District of North Carolina.
6. The defendant must avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: co-defendant, Alvin Milton Davis III
7. The defendant must not possess a firearm, destructive device, or other weapon.
8. The defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
9. The defendant must submit to testing for a prohibited substance if required by the probation office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.
10. The defendant must participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the probation office or supervising officer.
11. The defendant must report as soon as possible, to the probation office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

Respectfully submitted,

/s/ Tanya Wiggins
U.S. Probation Officer

Approved:

/s/ Jay F. Neely
Supervising U.S. Probation Officer

7057043 8/7/2020 12:24 PM