UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 20-4462
_____

UNITED STATES OF AMERICA,
Appelle,

v.

RESHOD J. EVERETT
Appellant.
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NO. 5:20-cr-00333-D-1
_____

REPLY BRIEF OF APPELLANT
_____

## ARGUMENT

The Court clearly erred by concluding that the Government established by clear and convincing evidence that the Defendant posed a danger to the safety of any other person or the community if released, and that there was a serious risk that the Defendant would attempt to intimidate or threaten witnesses. Pursuant to the Bail Reform Act, [only] if the judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the

1

safety of any other person and the community, such judicial officer shall order the detention of the person before trial."18 U.S.C. § 3142(e)(1). In weighing whether such condition exist, the judicial officer shall consider such factors as the nature and circumstances of the offense charged; the weight of the evidence against the defendant; the history and characteristics of the defendant, including the defendant's "character, physical and mental condition, family ties,…past conduct, history relating to drug or alcohol abuse, criminal history," and others; and the nature and seriousness of the danger to any person or the community posed by the defendant's release into the community. 18 U.S.C. § 3142 (g)(A).

In this case, Mr. Everett checks all the boxes that would normally point towards release of an accused waiting on their day in court. Mr. Everett is a life-long resident of the Eastern District of North Carolina, Fayetteville specifically. He is married with three children, one that was born shortly after he was taken into custody. He has been employed with the post office since 2004. With the exception of when he took leave from 2007-2010 to contract overseas, he maintained that job until he was arrested in 2018. After the arrest, he was placed on leave until the

2

resolution of the case. Mr. Everett and his wife also own several properties in the area as well as several businesses. Amongst the most successful of the businesses was the day care that was being operated out of their home prior to the 2018 arrest. D.E. 58 at 39-44.

Since Mr. Everett's release from custody in 2018 he has had no violations to his bond. He hasn't missed any court dates nor has he tried to attempt to obstruct justice or intimidate any witnesses. He did however hire a license private investigator to investigate some of the actions of the Fayetteville Police Department. Hiring a Private Investigator to investigate your case as you are preparing a defense should not be looked at as attempting to obstruct justice or intimidate a witness. Mr. Everett's investigator is licensed by the state of North Carolina and has the same rights and privileges as any other investigator.

## I.   Mr. Everett has been fighting this case since 2018 and was out on bond in State Court for twenty-five (25) months with no violations.

Mr. Everett was arrested in July of 2018 on state charges arising from the exact same set of facts. Same allegations, same cooperating

3

witnesses, almost identical discovery. Shortly after arrest Mr. Everett was released from custody on bond. After his release, he didn't attempt to obstruct justice or intimidate witnesses. Instead, he hired a licensed Private Investigator, went to the media and other social platforms to voice concerns and issues with the Fayetteville Police Department all in hopes of being able to clear his name. Not only did he go to the media, he also went to the Mayor, City Council, County Commissioners, and any other entity who would listen to his story regarding what he felt were injustices regarding his case. D.E. 58 at 43.

The District Court found that the government met its burden of proof under 18 U.S.C. § 3142 (g) and (f)(2)(B) as to both the danger factor and the serious risk that the person will obstruct, attempt to obstruct justice or threaten, injure or intimidate or attempt to threaten, injure or intimidate a prospective witness. The District Court clearly erred in this finding.

As stated previously, Mr. Everett had been out of custody for twenty-five (25) months before he was arrested at his Suppression Hearing in Cumberland County, North Carolina. D.E. 58 at 26. From the moment he was arrested, Mr. Everett knew where the information that

4

the police were basing their allegations off of had come from. He knew that a local marijuana dealer that he had a dispute with over a vehicle that Mr. Everett sold him had sent the authorities his way. Once Mr. Everett was released from custody, he never attempted to intimidate, get a message to, or even make contact with this person at all.

The District Court found in the hearing that the evidence produced by the government was "overwhelming." D.E. 58 at 50. The Court cited evidence such as evidence seized from Mr. Everett's co-defendant, Alvin Davis, who is currently out on pre-trial release; guns, drugs, and currency. D.E. 58 at 48. Because Detention Hearings are held so early, the defense rarely has not been made privy to discovery before the hearing. That was the case at Mr. Everett's hearing. Though the discovery is identical to the discovery from the state case, at the time, Mr. Everett did not know that. However, TFO Moore did testify that Mr. Everett was arrested at his suppression hearing in state court. The fact that a Motion to Suppress had been filed, and was on for a hearing, shows that facts are in dispute.

The evidence that the Government put forth to show that Mr. Everett may obstruct, attempt to obstruct justice or threaten, injure or

5

intimidate or attempt to threaten, injure or intimidate a prospective witness was not extensive. There was a phone call that took place in July of 2018 when he was awaiting bond in the state case from which these instant charges arise from. And the fact that Mr. Everett hired a licensed Private Investigator to assist with his case. During that call, which was not played for the Court, nothing was directly drug related with using inferences. For example, California and Colorado were mentioned. TFO Moore stated that those are known areas for purchasing marijuana. However, they are also places where Mr. Everett has family and had spent time. In fact, his wife is a California native and her parents are still located there. The government also pointed out two statements that Mr. Everett made that caused concern for them. Those two statements were "they got everything" and a "minor setback for a major comeback." D.E. 58 at 9-10 and D.E. 58 at 10. There was no direct drug talk, nor anything other than law enforcement interpretation that make this statement standout.

At some point during the state case, Mr. Everett's Private Investigator approached a former Fayetteville Police Detective who played a major role in the investigation. D.E. 58 at 17. The Government

6

alleges that the Private Investigator told the former officer that it may be "costly" to continue pursuing the case and that the former officer took this as a threat. D.E. 58 at 18. Mr. Everett would dispute that fact. First, because the officer was no longer employed with Fayetteville Police Department so he would have no reason to continue to "pursue" Mr. Everett's case. When his investigator approached the former officer, he knew that he was no longer an officer with the Fayetteville Police Department. Secondly, because before leaving the force the officer would've been aware of the proceedings of the case and would've known that the "costly" referred to the civil law suit that Mr. Everett planned on filing. This fact is extremely important due to the fact that government continues to say that Mr. Everett's Private Investigator approached an officer. That in fact, was not the case.

Two of the lead Detectives heavily involved in the investigation are no longer officers with the Fayetteville Police Department. As of late 2019, neither Detective C.G. Byrd, or Detective D. Harding worked for Fayetteville Police Department or held certification as a law enforcement officer in North Carolina. Both of these officers were heavily involved in the investigation and prosecution of Mr. Everett's case. The arrest, all of

7

the searches, and all of the seizures. The fact that neither of them are with the department any longer and in fact, don't even hold law enforcement certifications plays a large role in how the Court should look at any part of the case that they were involved in.

## CONCLUSION

Before Mr. Everett was arrested in August of 2020 he had been out on bond for over two years.  During those two years he had not violated an of the terms of his bond and he had not obstructed or attempted to obstruct justice. He and family moved from Fayetteville and he vigorously worked on his defense.  At some point his vigor has been transformed into a negative trait by the Court.  Mr. Everett has no interest in obstructing justice or intimidating any witnesses.  His only interest being able to prepare for trial and have his day in court.

While Covid-19 has changed our daily lives, it has also changed how the jail and prison system works. Not only are prisoners and jailers dying, but there is also very limited access to counsel.  Currently, Mr. Everett is allowed 2 hours out a day, and no contact visits with his attorney.

Defendant respectfully requests that he be ordered released immediately with suitable conditions.

8

        Respectfully Submitted,

        <u>/s/ Christopher M. Young</u>
        Christopher M. Young
        The Young Law Firm, PLLC
        700 12th Street, NW Ste 700
        Washington, DC 20005
        Phone: (202)870-1191
        Fax:   (202)478-2119
        cyoung@theylf.com
        DC Bar No: 1003301
        Attorney for Appellant

## **CERTIFICATE OF SERVICE**

      I certify that on November 2, 2020, I electronically filed the foregoing document with the Clerk of Court for the Fourth Circuit Court of Appeals using the electronic case filing system of the Court. The electronic case filing system sent a Notice of Electronic Filing to all attorneys who have consented in writing to accept this Notice as service of this document.

                                    /s/ Christopher M. Young
                                    Christopher M. Young
                                    The Young Law Firm, PLLC
                                    700 12th Street, NW Ste 700
                                    Washington, DC 20005
                                    Phone: (202)870-1191
                                    Fax:   (202)478-2119
                                    cyoung@theylf.com
                                    DC Bar No: 1003301
                                    Attorney for Appellant

11